# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN RUSSELL LOCKE,**
        **Plaintiff,**

v.                                            Case No. 06C0244

**GREGORY GRAMS,**
        **Defendant.**

## ORDER

     On February 28, 2006, Petitioner Brian Russell Locke filed this petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. However, it appears that petitioner has filed his petition in the wrong court. Petitioner is currently incarcerated at Columbia Correctional Institution, located in Columbia County, Wisconsin. Further, according to petitioner's petition, he was charged and pled nolo contendere in Dane County Circuit Court.

     Section 2254 confers jurisdiction on federal district courts to hear habeas petitions from state prisoners challenging their state court convictions. 28 U.S.C. § 2254. Section 2241(d) specifies the proper court to hear such petitions. 28 U.S.C. § 2241(d); see also Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Under section 2241(d)

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

The Wisconsin federal courts are divided into the Eastern and Western districts. Both Dane County (where petitioner was convicted) and Columbia County (where petitioner is incarcerated) are located in the Western district. Thus, pursuant to the provisions of § 2241, petitioner should have commenced this action in the Western District of Wisconsin. However, it is unnecessary to dismiss petitioner's petition; rather, I may transfer petitioner's petition to the Western District. 29 U.S.C. § 2241(d) ( "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.") Petitioner has already paid the five dollar filing fee and appears to have inadvertently filed his petition in this court. Thus, I conclude that transfer, rather than dismissal, is appropriate in this case.

**THEREFORE IT IS ORDERED** that the clerk transfer this matter to the Western District of Wisconsin.

Dated at Milwaukee, Wisconsin, this 5 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge